# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5144 | **DATE** | 3/28/2002 |
| **CASE TITLE** | Jamie Key vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petitioner's Motion to Vacate, Set Aside Or Correct Sentence Pursuant to 28 U.S.C. Section 2255

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, Key's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. Section 2255 [1-1] is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 2 9 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | /0 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| klb (lc) | courtroom deputy's initials | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

MAR 2 9 2002

| | |
|---|---|
| JAMIE KEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 98 C 5144 MAR 2 9 2002 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Jamie Key ("Petitioner" or "Key") was found guilty of possessing narcotics with intent to distribute. Key is currently incarcerated under a multi year sentence. Petitioner now brings Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 petition"). For the reasons discussed below, Petitioner's motion is denied.

### I.      Factual Background

After a month-long trial, a jury found Key guilty of ten counts of possessing heroin with intent to distribute in violation of 21 U.S.C. § 841. Key, who had not reached the age of eighteen at the time of his arrest, was tried as an adult and received a 240 month sentence. On appeal, the Seventh Circuit affirmed petitioner's conviction and sentence. See United States v. Jarrett, 133 F.3d 519 (7th Cir. 1998). Key was represented by Jeffery J. Levine at trial.

Petitioner filed his § 2255 petition pro se. In his § 2255 petition, Key asserts that he received ineffective assistance of counsel because his counsel incorrectly advised him that he could only be sentenced based upon the amount of heroin reflected in the substantive counts of

-1-

the indictment in which he was specifically named and charged due to the fact that he was a juvenile when the crimes were committed. According to Key, Mr. Levine stated that Key's offense level would be 28 and would yield a guideline range of 78-97 months. Key asserts that had Mr. Levine correctly advised him that under U.S.S.G. § 1B1.3(1)(B) he would be liable for the entire amount of heroin sold during the course of the conspiracy, which mandated a base offense level of 38, he would not have risked a jury trial and would have entered into a plea bargain to stipulated amount of heroin. He would have also sought a 3 point reduction for acceptance of responsibility under U.S.S.G. 3E1.1(a) & (b).

## II. Discussion

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or sentence has been founded on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1995); 28 U.S.C. § 2255. If the court determines that any of these errors infected the judgment or sentence, the petitioner's conviction will be vacated or set aside, and the petitioner will be discharged, resentenced, or granted a new trial. See id.

Pro se litigants are not bound by the stringent standards imposed on trained attorneys. Thus, Key's petition will be liberally construed. United States v. Joiner, 847 F. Supp. 604, 606-07 (N.D. Ill. 1994) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)).

Key argues that his counsel was ineffective because he incorrectly advised him about his sentence. To establish that counsel provided ineffective assistance, the petitioners must

demonstrate: (1) that their attorney's performance was deficient; and (2) that such representation prejudiced his or her case. Precin v. United States, 23 F.3d 1215, 1218 (7th Cir. 1994). The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)). To satisfy the second prong, the petitioners must show that because of counsel's errors, the outcome of their trial or sentencing was fundamentally unreliable or unfair. Id. Because counsel is presumed to have been effective, the petitioners bears a heavy burden in proving that counsel was ineffective and that their defense was prejudiced. Id.

The essence of Key's claim is that if his attorney had properly forecast his sentence and advised him accordingly, then Key would have sought a plea bargain before trial for a reduced sentence. Attorneys have a duty to inform their clients of a plea agreement offered by the prosecution. Johnson v. Duckworth, 793 F.2d 898, 902 (7th Cir. 1986). Defendants must also be involved in the decision-making regarding the agreement's ultimate acceptance or rejection. See Johnson, 793 F.2d at 902. Thus, if the prosecution offers a plea agreement to the defendant, counsel must properly advise the defendant as to the advantages and disadvantages of accepting the offer or proceeding to trial. See Meyers v. Gillis, 142 F.3d 664, 667-68 (3rd Cir. 1998) (finding that counsel failed to properly advise defendant of the consequences of a potential plea). However, these principles do not apply to Key because there was no potential agreement upon which Key needed to make a decision. Key never had the option to plea to a stipulated amount of heroin. Key's claim is that based on what his attorney told him, he believed that by going to

trial his risk (if convicted) was a sentence of only 78 to 97 months when, as things worked out, he received a sentence of 240 months.

Even assuming, arguendo, that his counsel through negligence, underestimated the length of the sentence that Key could have received, if convicted, Key can not show that he was prejudiced. Key contends that if Levine had accurately forecast the eventual sentence based on the heroin involved in the entire conspiracy, he would have pled guilty to the possession of the heroin in his possession. Key, however, points to no facts to show that the government would have offered a plea agreement for a reduced sentence. It also may be reasonably assumed that the government was not interested in plea bargaining if they did not make an offer. See Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996). Even if Key had pled guilty, there is no reason to believe that the government would have offered him a plea agreement. Key argues that both the government and his attorney were operating off of the assumption that since he was a juvenile at the time of the offense he could not be sentenced based on all of the heroin in the conspiracy. It is not clear as to why, after he was transferred to adult status, Key or the government would assume that relevant conduct would not have been considered at sentencing. Nor is it clear why Key believes that the government labored under any misapprehension as to what the likely sentencing outcome would be. In any event, in sentencing petitioner, the Court and the probation officer would not have been bound by the mutual miscalculation as to sentencing in calculating the offense level. Of course Key could have entered a "blind" plea (without an agreement with the government) in order to preserve his claim to a two or three point reduction for acceptance of responsibility (§ 3E1.1), but Key has not alleged that but for his attorney's negligence, he would have chosen this route. Moreover, a defendant is not guaranteed a § 3E1.1 reduction merely by

-4-

pleading guilty. <u>See</u> <u>U.S. v. Sierra</u>, 188 F.3d 798 (7th Cir. 1999) (absent evidence of sincere

remorse or contrition for one's crimes, a guilty plea entered for the apparent purpose of obtaining

a lighter sentence does not entitle a defendant to sentencing reduction for acceptance of

responsibility). Petitioner can not show that there is a reasonable probability that he would have

received a different sentence but for his attorney's miscalculation. Thus, even assuming deficient

conduct by his attorney, Key was not prejudiced.

## Conclusion

For the foregoing reasons, Key's petition for relief under § 2255 is DENIED.

Enter:

David H. Coar
United States District Judge

Dated: March 28, 2002