# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5144 | **DATE** | September 6, 2002 |
| **CASE TITLE** | Jamie Key v. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Application for Certificate of Appealability

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum and opinion order, this Court GRANTS Petitioner's application for a certificate of appealability on the issue of ineffective assistance of counsel.

(11) ■ [For further detail see attached memorandum and opinion order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP date docketed | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 14 |
| | Copy to judge/magistrate judge. | | | |
| | jar(lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| JAMIE KEY, | ) |
| | ) No. 98 C 5144 |
| Petitioner, | ) |
| | ) HONORABLE DAVID H. COAR |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Jamie Key ("Petitioner" or "Key") was arrested on January 23, 1995 on federal drug charges. At the time of his arrest, he was only seventeen. After the Seventh Circuit determined he had waived his right to be tried as a juvenile, see U.S. v. J.J.K., 76 F.3d 870, 872–73 (7th Cir. 1996), he was convicted of possessing heroin with intent to distribute in violation of 21 U.S.C. § 841 on July 11, 1996. (Case No. 95-CR-48-9) Key was sentenced to 240 months in prison. After the Seventh Circuit affirmed his conviction and sentence, see U.S. v. Jarrett, 133 F.3d 519 (7th Cir. 1998), Petitioner filed a timely motion to vacate his sentence in this court pursuant to 28 U.S.C. § 2255 on August 17, 1998. The only ground for relief advanced in his § 2255 motion was ineffective assistance of counsel. On March 28, 2002, his motion was denied on the merits. On May 13, 2002, Key filed a timely Application for a Certificate of Appealability with this court. For the foregoing reasons, this court grants a certificate of appealability on the issue of ineffective assistance of counsel.

## DISCUSSION

### A. Standard of Review

A federal prisoner must obtain a certificate of appealability ("COA") to appeal a final order denying a habeas petition. 28 U.S.C. § 2253(c)(1)(B). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court explained how a district court should evaluate a request for a COA. When a district court has denied a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484.

### B. Ineffective Assistance of Counsel

In order to sustain a Sixth Amendment ineffectiveness claim, Petitioner must show two things: first, that counsel's performance fell below an objective standard of reasonableness; and second, that but for counsel's deficient performance, there is a reasonable likelihood that the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). In his § 2255 petition, Key alleged that his trial counsel did not conform to the requirements of the Sixth Amendment. Specifically, he asserted that his attorney gave him incorrect advice about his sentencing exposure if he proceeded with his case to trial. This court held that Key was not prejudiced by his attorney's alleged errors. The gaping discrepancy between the sentencing range Key's attorney allegedly explained (78 - 97 months) and the sentencing range Key received upon his conviction (235 - 293 months) leads this court to believe that "reasonable jurists" could find the conclusion "debatable or wrong." We therefore grant Key

a certificate of appealability on the issue of whether he received ineffective assistance of counsel.

## CONCLUSION

For the reasons set forth above, Key's application for a certificate of appealability on the issue of whether he received ineffective assistance of counsel is granted.

Enter:

David H. Coar
United States District Judge

SEP 6 - 2002